IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   **Plaintiff,**<br><br>                v.<br><br>HECTOR RODRIGUEZ-COLON [1]<br>EMILIO RIVERA-MALDONADO [2],<br><br>   **Defendants.** | CRIMINAL NO. 15-647 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

This matter is before the Court on Defendant Hector Rodriguez-Colon's ("Defendant Rodriguez") Motion to Dismiss. Docket No. 51. Defendant Jose Velazquez-Lugo ("Defendant Velazquez") joined the motion. Docket No. 53. The Government filed a timely response. Docket No. 62. For the reasons stated below, the Court DENIES Defendants' Motions.

BACKGROUND

Defendants are charged in an eighteen count superseding indictment (18) with one count of conspiracy under 18 U.S.C. § 371, one count of theft of government funds under 18 U.S.C. §§ 641, 2, one count of conspiracy to commit wire fraud under 18 U.S.C. §§ 1343, 1349, nine counts of wire fraud under 18 U.S.C §§ 1343, 2, and six counts of aggravated identity theft under 18 U.S.C. §1028A(a)(1), (2). Docket No. 54.[1] Defendants have moved to dismiss the indictment on

---

[1] Although Defendants' Motion to Dismiss was filed prior to the superseding indictment, the superseding indictment did not render the motions moot as it had no material bearing on Defendants' arguments.

Civil No. 15-647 (JAG)                                                                                                         2

two grounds. Docket Nos. 51, 53. First, Defendants contend that the Government brought the indictment after the expiration of the general five year statute of limitations, and therefore the indictment is time-barred. *Id.* Second, Defendants argue that the indictment should be dismissed for selective prosecution in violation of the Equal Protection Clause. *Id.* The Government filed a response refuting all of Defendants' arguments. Docket No. 62.

## ANALYSIS

I. Timeliness of Indictment

   A. Statute of Limitations

Usually non-capital federal offenses are subject to a five year statute of limitations. *See* 18 U.S.C. § 3282. The superseding indictment was filed on April 14, 2016 and it alleges conduct that occurred on or before July 27, 2010. Docket No. 54. Therefore, if Defendants' conduct is subject to the general five year limitation, the indictment would be time-barred. However, the Government contends that its indictment is timely because the statute of limitations period was tolled by the Wartime Suspension of Limitations Act ("WSLA"), 18 U.S.C. § 3287. The WSLA, as amended in 2008, states the following:

> When the United States is at war or Congress has enacted a specific authorization for the use of the Armed Forces, as described in section 5(b) of the War Powers Resolution (50 U.S.C. 1544(b)), the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not, or (2) committed in connection with the acquisition, care, handling, custody, control or disposition of any real or personal property of the United States, or (3) committed in connection with the negotiation, procurement, award, performance, payment for, interim financing, cancelation, or other termination or settlement, of any contract, subcontract, or purchase order which is connected with or related to the prosecution of the war or directly connected with or related to the authorized use of the Armed Forces, or with any

Civil No. 15-647 (JAG) 3

> disposition of termination inventory by any war contractor or Government agency, shall be suspended until 5 years after the termination of hostilities as proclaimed by a Presidential proclamation, with notice to Congress, or by a concurrent resolution of Congress.

18 U.S.C. § 3287.

As a preliminary matter, since some of the conduct alleged in the indictment occurred prior to the 2008 amendments to the WSLA, the Court must determine if the current version of the WSLA applies to all of Defendants' conduct alleged by the indictment. The Court holds that it does.

The Government argues that since the 2008 amendments had the effect of extending a statute of limitations, which is a procedural change, the 2008 amendments apply retroactively. Docket No. 62 at 8-10. Defendants do not contest this point, as neither Defendant filed a reply. But even if Defendants had contested this point, the Court would still agree with the Government that the 2008 amendments apply retroactively. All three courts that have considered this issue have held that the 2008 amendments apply retroactively. *See United States v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d 593, 610-11 (S.D.N.Y. 2013); *United States v. BNP Paribas SA*, 884 F. Supp. 2d 589, 607-08 (S.D. Tex. 2012); *United States v. W. Titanium, Inc.*, No. 08-CR-4229-JLS, 2010 WL 2650224, at *4 (S.D. Cal. July 1, 2010). Furthermore, the 2008 amendments were passed to ensure that the WSLA applied to suspend the limitations period during the wars in Iraq and Aghanistan. For example, the Senate Committee Report that accompanied the bill provided:

> Now, more than five years after the start of the Iraq war and nearly seven years after the beginning of the Afghanistan war, the statute of limitations has started to bar criminal actions in investigations of contracting fraud early in these

Civil No. 15-647 (JAG)                                                                                                  4

> conflicts. This bill will allow additional time for investigators and auditors to thoroughly investigate and review all war contracts and potentially save the U.S. taxpayers untold millions of dollars. If the current law is left unchanged, each passing day of the conflicts in Iraq and Afghanistan would result in a grant of immunity for fraudulent conduct by war contractors that has gone undiscovered or unprosecuted during the conflicts.

S. Rep. No. 110-431, at 4 (2008). This evidences a clear congressional intent to apply the 2008 amendments retroactively, since both wars were already underway in 2008. *See Arevalo v. Ashcroft*, 344 F.3d 1, 10-11 (1st Cir. 2003) (a court should first look to the statute to evaluate if Congress has spoken on whether the statute applies retroactively). Thus, the Court will apply the post-2008 amendments WSLA to all of Defendants' conduct alleged in the indictment.[2]

Next the Court evaluates whether the limitations period for the Government's prosecutions were effectively tolled by the WSLA. The WSLA can be triggered either when "[1.] the United States is at war or [2.] *Congress has enacted a specific authorization for the use of the Armed Forces, as described in section 5(b) of the War Powers Resolution* (50 U.S.C. 1544(b))." 18 U.S.C. § 3287 (emphasis added). On September 18, 2001, Congress authorized the use of force against those responsible for the September 11th terrorist attacks. AUTHORIZATION FOR USE OF MILITARY FORCE, PL 107–40, September 18, 2001, 115 Stat 224 ("Afghanistan AUMF"). Similarly, in October 11, 2002, Congress authorized the use of military force in Iraq.

---

[2] Since applying the 2008 amendments retroactively to Defendants' conduct does not revive an already time-barred prosecution, there is no ex post facto clause violation. *See, e.g., United States v. Jeffries*, 405 F.3d 682, 685 (8th Cir. 2005) ("The law is well settled that extending a limitations period before prosecution is barred does not violate the ex post facto clause."); R. Brian Tanner, *A Legislative Miracle: Revival Prosecutions and the Ex Post Facto Clauses*, 50 Emory L.J. 397, 406 (2001) ("According to all the federal circuits that have reached the issue, as long as the prior statutory bar has not run, an extension of that period is constitutional.") (collecting cases); *cf. Stogner v. California*, 539 U.S. 607 (2003) (holding that an ex post facto violation occurs when a statute of limitations extension revives an already time-barred prosecution).

AUTHORIZATION FOR USE OF MILITARY FORCE AGAINST IRAQ RESOLUTION OF 2002, PL 107–243, October 16, 2002, 116 Stat 1498 ("Iraq AUMF"). Both authorizations explicitly state that they constituted "specific statutory authorization within the meaning of section 5(b) of the War Powers Resolution." PL 107–40; PL 107–243. Since this authorization is precisely the second mechanism for triggering the WSLA, both AUMFs triggered the WSLA.

Once the WSLA is triggered, it suspends the statute of limitations for certain offenses "until 5 years after the termination of hostilities *as proclaimed by a Presidential proclamation, with notice to Congress, or by a concurrent resolution of Congress*." 18 U.S.C. § 3287. Since there has been neither a Presidential proclamation nor a concurrent resolution of Congress regarding the termination of hostilities, the WSLA continues to suspend the limitations period for Defendants' conduct alleged in the indictment.[3]

The Court declines to apply the functional approach used in *United States v. Prosperi*, 573 F. Supp. 2d 436, 454 (D. Mass. 2008) to determine the date of "termination of hostilities" for purposes of the WSLA. Docket No. 65-1. However, the Court is unpersuaded. The Court must interpret the statute in accordance with its plain and unambiguous meaning. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). We agree with the Fifth Circuit, that "the plain and unambiguous language of the WSLA mandates formal requirements for the termination clause to be met." *United States v. Pfluger*, 685 F.3d 481, 485 (5th Cir. 2012). Since neither of these

---

[3] Defendants do not dispute that the conduct alleged in the indictment constitutes an offense covered by the WSLA.

requirements have been met, the WSLA's suspension of limitations is still in effect. Accordingly, Defendants' statute of limitations argument fails.

## II. Selective Prosecution

Defendants argue that the indictment should be dismissed for selective prosecution in violation of the Equal Protection Clause. Docket No. 51, 53. This argument is meritless. To establish selective prosecution, Defendants must show that (1) the prosecution had a discriminatory effect and (2) it was motivated by a discriminatory purpose. *United States v. Armstrong*, 517 U.S. 456, 465 (1996). Defendants have provided no evidence of either requirement. Defendants simply state that none of Defendants' superiors were prosecuted. Docket No. 51, 53. However, they provide no evidence that higher ranking officials engaged in the same conduct as Defendants, nor do they provide any evidence to show that the Government had a discriminatory purpose. Thus, Defendants' selective prosecution argument fails.

## CONCLUSION

In view of the foregoing, Defendants' Motions to Dismiss are DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of May, 2016.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge